1  PAUL L. REIN, Esq., (SBN 43053)
PATRICIA BARBOSA, Esq., (SBN 125865)
2  JULIE MCLEAN, Esq., (SBN 215202)
LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
Oakland, CA  94612
4  Telephone: 510/832-5001

5  Attorneys for Plaintiff
STEVE WHITE

6

7                    UNITED STATES DISTRICT COURT
8                    NORTHERN DISTRICT OF CALIFORNIA

9

10  STEVE WHITE,                         CASE NO.
                                         Civil Rights
11        Plaintiff,
                                         **COMPLAINT FOR PRELIMINARY**
12                                       **AND PERMANENT INJUNCTIVE**
                                         **RELIEF AND DAMAGES: DENIAL OF**
13  v.                                   **CIVIL RIGHTS AND ACCESS TO**
                                         **PUBLIC FACILITIES TO PHYSICALLY**
14                                       **DISABLED PERSONS, PER**
                                         **CALIFORNIA STATUTES INCLUDING**
15  BANK OF AMERICA, NA;                 **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, and**
    BANK OF AMERICA NT &                 **55; HEALTH & SAFETY CODE §§ 19955**
16  SA; and DOES 1-25, Inclusive,        ***et seq.*; INJUNCTIVE RELIEF PER**
                                         **TITLE III, AMERICANS WITH**
17        Defendants.                    **DISABILITIES ACT OF 1990**

18  _____/            **DEMAND FOR JURY TRIAL**

19

20        Plaintiff STEVE WHITE complains of Defendants BANK OF

21  AMERICA, NA; BANK OF AMERICA NT & SA; and DOES 1-25, Inclusive, and

22  each of them, and alleges as follows:

23

24        1.    **INTRODUCTION:**    Plaintiff STEVE WHITE is a "person with a

25  disability" or "physically handicapped person."  Plaintiff  requires the use of a

26  wheelchair for locomotion and is unable to use portions of public facilities which

27  are not accessible to disabled persons who require the use of a wheelchair.  This

28  case involves the denial of accessible parking, an inaccessible and dangerous path

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1   of travel to an automated teller machine ( hereinafter "ATM"), and denial of full

2   and equal access to plaintiff Steve White and to other similarly disabled persons at

3   the Bank of America located at 26801 Mission Blvd., Hayward, California.

4   Plaintiff suffered personal injuries when dumped from his wheelchair going over an

5   unmarked curb at the egress to the ATMs, and was denied his Civil Rights under

6   both California law and federal law, as hereinbelow described.  Plaintiff was denied

7   his rights to full and equal access at these facilities because they were not, and are

8   not now, facilities properly accessible to physically disabled persons who use

9   wheelchairs.  Plaintiff seeks injunctive relief to require defendants to make these

10  specified facilities accessible to disabled persons and to ensure that any disabled

11  person who attempts to use the facilities will be provided a safe accessible route to

12  the ATMs, accessible parking, accessible paths of travel, and other accessible

13  facilities.  Plaintiff also seeks recovery of damages for his personal injuries and

14  discriminatory experiences and denial of access, which denial is continuing as a

15  result of defendants' failure to provide disabled accessible facilities.  Plaintiff also

16  seeks recovery of reasonable attorney fees, litigation expenses and costs, according

17  to statute.

18      2.     **JURISDICTION:**  This Court has jurisdiction of this action pursuant

19  to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42

20  USC 12101, *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes

21  of action arising from the same facts are also brought under California law,

22  including but not limited to violations of California Government Code §4450*, et.*

23  *seq.*; Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California

24  Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and 55.

25      3.     **VENUE:**  Venue is proper in this Court pursuant to 28 USC 1391(b)

26  and is founded on the fact that the real property which is the subject of this action is

27  located in this District and that plaintiff's causes of action arose in this District.

28      4.     **INTRADISTRICT:**  This case should be assigned to the

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510)832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1   Oakland/San Francisco intradistrict as the real property which is the subject of this

2   action is located in the Oakland/San Francisco intradistrict and plaintiff's causes of

3   action arose in Hayward, Alameda County.

4        5.    **PARTIES:** Plaintiff is a qualified physically disabled person, a

5   paraplegic due to traumatic injury, who cannot walk and who requires use of a

6   wheelchair for locomotion.  Defendants BANK OF AMERICA, NA; BANK OF

7   AMERICA NT & SA; and DOES 1-25, Inclusive, are the owners, operators,

8   lessors, and lessees of the property, building and/or portions thereof located at

9   26801 Mission Blvd., Hayward, California.  This Bank and its three ATMs are

10  "public accommodations and business establishments" subject to the requirements

11  of California Health & Safety Code §§ 19955, *et seq.* and of California Civil Code

12  §§ 51, 54, *et seq.*  On information and belief, such facilities have, since July 1,

13  1970, undergone construction and/or "alterations, structural repairs, or additions"

14  subjecting such facilities to disabled access requirements per Health & Safety Code

15  §§ 19955-19959, *et seq.*.

16       6.    The true names and capacities of Defendants Does 1 through 25,

17  Inclusive, are unknown to plaintiff who therefore sues said defendants by such

18  fictitious names.  Plaintiff is informed and believes that each of the defendants

19  herein designated as a Doe is legally responsible in some manner for the events and

20  happenings herein referred to and caused injury and damages proximately thereby

21  to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true

22  names and capacities when the same have been ascertained.

23       7.    Defendants BANK OF AMERICA, NA; BANK OF AMERICA NT &

24  SA; and DOES 1-25, Inclusive, are and were the owners, operators, lessors and

25  lessees of the subject property, buildings, and facilities at all times relevant to this

26  Complaint.  Plaintiff is informed and believes that each of the defendants herein is

27  the agent, employee or representative of each of the other defendants, and

28  performed all acts and omissions stated herein within the scope of such agency or

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -3-    S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1   employment or representative capacity and is responsible in some manner for the

2   acts and omissions of the other defendants in proximately causing the damages

3   complained of herein.

4

5   **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
    **FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**
6   **ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
    **(Health & Safety Code §§ 19955 Et Seq., Civil Code §54.1)**
7

8       8.      Plaintiff repleads and incorporates by reference, as if fully set forth

9   again herein, the factual allegations contained in Paragraphs 1 through 7, above,

10  and incorporates them herein by reference as if separately repled hereafter.

11      9.      Plaintiff STEVE WHITE and other similarly situated physically

12  disabled persons who require the use of a wheelchair are unable to use public

13  facilities on a "full and equal" basis unless each such facility is in compliance with

14  the provisions of California Health & Safety Code §§ 19955, *et seq.*  Plaintiff is a

15  member of that portion of the public whose rights are protected by the provisions of

16  Health & Safety Code §§ 19955, *et seq.*.

17      10.     Health & Safety Code §§ 19955 and 19955.5 were enacted "To

18  ensure that public accommodations or facilities constructed in this state with private

19  funds adhere to the provisions of Chapter 7 (commencing with section 4450) of

20  Division 5 of Title 1 of the Government Code."  On information and belief the

21  provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the

22  Bank located at 26801 Mission Blvd., Hayward, California.  Title 24, California

23  Code of Regulations, formerly known as the California Administrative Code, was

24  in effect at the time of each alteration which, on information and belief, occurred at

25  such public facility since July 1, 1982, thus requiring access complying with the

26  specifications of Title 24 whenever each such "alteration, structural repair or

27  addition" was carried out.  Similar requirements have been found in Health &

28  Safety Code § 19959 since July 1, 1970.  On information and belief, defendants

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -4-        S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1   and/or their predecessors in interest carried out alterations, structural repairs, or

2   additions to the building during the period these statutes and regulations have been

3   in effect.  On information and belief, alterations, structural repairs, or additions

4   which triggered access requirements also occurred between July 1, 1970 and July

5   1, 1982, and required access pursuant to the A.S.A. (American Standards

6   Association) Regulations then in effect, pursuant to the incorporated provisions of

7   Government Code §§ 4450*ff*.  Pursuant to the holding of <u>James Donald v.

8   Sacramento Valley Bank</u> (1989) 209 Cal.App.3d 1183, all ATMs are public

9   facilities and public accommodations and must be accessible to and usable by

10   physically disabled persons, including plaintiff.

11         11.    On or about March 24, 2005, plaintiff STEVE WHITE was in

12   Hayward, the city in which he resides, and drove in his disabled licensed vehicle to

13   the Bank of America located 26801 Mission Blvd, Hayward, in order to make a

14   withdrawal from the ATM.  When he arrived at the Bank, he parked his vehicle.

15   On information and belief, the designated disabled parking spaces on the premises

16   are not properly disabled accessible due to their improper configuration.  Plaintiff

17   left his vehicle, went onto the public sidewalk, and then followed the narrow

18   concrete pathway from the public sidewalk to the three Bank ATMs located at the

19   front of the building in an enclosure.  This concrete pathway or walkway was not of

20   the proper width or configuration as required by law to provide proper access for

21   wheelchair users.  When plaintiff entered the enclosure containing the ATMs, he

22   was able to use one of the ATMs, although on information and belief it was not

23   properly configured for disabled use.  However, upon leaving the ATM enclosure

24   to continue on directly to his vehicle, plaintiff rolled off the end of the walkway,

25   which dropped off several inches to the ground, as this drop off was not marked

26   with yellow paint to warn of the sudden drop off as required by law.  The fall over

27   the curb from the walkway caused plaintiff to be ejected from his wheelchair,

28   causing him physical personal injuries, including an injury to his shoulder, and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -5-        S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1  causing him to loose bladder control and suffer a humiliating urination accident

2  which visibly wet his pants.

3      12.   Plaintiff managed to crawl back into his wheelchair and went around

4  to the Bank's front entrance and into the Bank to complain to the Bank's manager.

5  Although he was embarrassed and humiliated to travel into a public place with

6  visibly "soiled" clothing, he did so to complain to the manager about this dangerous

7  condition; he took the manager outside and showed the manager where he had

8  fallen and had been injured.  Plaintiff then left the premises and returned home to

9  change out of his soiled clothing and to take some over-the-counter pain medication

10  for his injured shoulder.

11      13.   This entire experience was embarrassing and humiliating to plaintiff,

12  caused him physical injury, psychological and emotional distress, and denial of his

13  civil rights, including his rights under federal and state law to "full and equal

14  access."

15      14.    In addition to the lack of proper accessible and van accessible

16  parking, this public facility is inaccessible to persons with disabilities in multiple

17  other aspects, including but not limited to the following: lack of accessible exterior

18  paths of travel from the designated disabled parking places into the business and to

19  the three ATMs; lack of accessible exterior paths of travel, including the paths of

20  travel to the ATMs; and lack of a properly configured disabled accessible ATM; all

21  rendering the property inaccessible to and unuseable by physically disabled

22  persons.  All facilities must be brought into compliance with all applicable federal

23  and state code requirements.

24      15.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit

25  the acts and omissions of defendants as complained of herein which are continuing

26  on a day-to-day basis and which have the effect of wrongfully excluding plaintiff

27  and other members of the public who are physically disabled wheelchair users from

28  full and equal access to these public facilities.  Such acts and omissions are the

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -6-       S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1   cause of humiliation and mental and emotional suffering of plaintiff in that these

2   actions continue to treat plaintiff as an inferior and second class citizen and serve to

3   discriminate against him on the sole basis that he is a person with disabilities and

4   requires the use of a wheelchair for movement in public places. Plaintiff is unable,

5   so long as such acts and omissions of defendants continue, to achieve equal access

6   to and use of these public buildings and facilities.  The acts of defendants have

7   proximately caused and will continue to cause irreparable injury to plaintiff if not

8   enjoined by this Court.

9          16.     Wherefore plaintiff asks this Court to preliminarily and permanently

10  enjoin any continuing refusal by defendants to grant full and equal access to

11  plaintiff in the respects complained of and to require defendants to comply

12  forthwith with the applicable statutory requirements relating to access for disabled

13  persons.  Such injunctive relief is provided by California Health & Safety Code

14  §19953 and California Civil Code §55, and other law.  Plaintiff further requests that

15  the court award damages pursuant to Civil Code §54.3 and other law and attorney

16  fees, litigation expenses, and costs  pursuant to Health & Safety Code §19953,

17  Civil Code §§ 54.3 and 55,  Code of Civil Procedure §1021.5 and other law, all as

18  hereinafter prayed for.

19         17.     **DAMAGES:**   At all times relevant to this action, California Civil

20  Code §§ 54 and 54.1 has provided that physically disabled persons are not to be

21  discriminated against because of physical handicap or disability.  Civil Code § 54

22  provides:

23              Individuals with disabilities or medical condition have the same
            right as the general public to the full and free use of the streets,
24          highways, sidewalks, walkways, public buildings, medical facilities,
            including hospitals, clinics, and physicians' offices, public facilities,
25          and other public places.

26  Civil Code § 54.1 provides that:

27          (a)(1) Individuals with disabilities shall be entitled to full and equal
            access, as other members of the general public, to accommodations,
28          advantages, facilities, medical facilities,...  and privileges of all

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -7-      S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

common carriers, airplanes, motor vehicles,...or any other public
conveyances or modes of transportation... hotels, lodging places,
places of public accommodation, amusement, or resort, and other
places to which the general public is invited, subject only to the
conditions and limitations established by law, or state or federal
regulation, and applicable alike to all persons.

18.     California Civil Code § 54.3 provides that any person or corporation

who denies or interferes with admittance to or enjoyment of the public facilities as

specified in Civil Code §§ 54 and 54.1 is liable for each such offense for the actual

damages and any amount up to a maximum of three times the amount of actual

damages but in no case less than $1,000 and such attorney fees as may be

determined by the Court in addition thereto, suffered by any person denied any of

the rights provided in §§ 54 and 54.1, for services necessary to enforce these rights.

19.     As a result of the denial of equal access to the facility  and due to the

acts and omissions of defendants and each of them in owning, operating, leasing,

constructing, altering, and maintaining the subject facility, plaintiff suffered a

violation of his civil rights, including but not limited to rights under Civil Code §§

54 and 54.1 , all to his damages per Civil Code §54.3, including statutory treble

damages, as hereinafter stated.  Defendants' actions and omissions to act constitute

discrimination against plaintiff on the sole basis that he was and is physically

disabled and unable, because of the architectural barriers created and/or maintained

by the defendants in violation of the subject laws, to use the public facilities on a

full and equal basis as other persons.

20.     Further, each and every violation of the Americans With Disabilities

Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of

which are repled and incorporated herein, word for word, as if separately repled),

also constitutes a separate and distinct  violation of California Civil Code §54(c),

thus independently justifying an award of damages and injunctive relief pursuant to

California law, including but not limited to Civil Code §§54.3 and 55.

21.     Further, each and every violation of the Americans With Disabilities

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -8-        S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1   Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of

2   which are repled and incorporated herein, word for word, as if separately repled),

3   also constitutes a separate and distinct violation of California Civil Code §54.1(d),

4   thus independently justifying an award of damages and injunctive relief pursuant to

5   California law, including but not limited to Civil Code §§ 54.3 and 55.

6        22.   **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

7   conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

8   costs as provided by statute, in order to enforce plaintiff's rights and to enforce

9   provisions of the law protecting access for disabled persons and prohibiting

10  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

11  reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

12  of Civil Code §§ 54.3 and 55.  Additionally, plaintiff's lawsuit is intended to

13  require that defendants make their facilities accessible to all disabled members of

14  the public, justifying "public interest" attorney fees, litigation expenses and costs

15  pursuant to the provisions of California Code of Civil Procedure §1021.5 and other

16  applicable law.

17        Wherefore plaintiff prays for relief as hereinafter stated:

18

19            **SECOND CAUSE OF ACTION:**
              **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
20            **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
              **ON THE BASIS OF DISABILITY**
21

22        23.   Plaintiff repleads and incorporates by reference, as if fully set forth

23  again herein, the factual allegations contained in Paragraphs 1 through 22, above,

24  and incorporates them herein by reference as if separately repled hereafter.

25        24.   At all times herein mentioned, the Unruh Civil Rights Act, California

26  Civil Code §51(b), provided that:

27        All persons within the jurisdiction of this state are free and equal, and
          no matter what their sex, race, color, religion, ancestry, national origin,
28        disability, or medical condition are entitled to the full and equal

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1    accommodations, advantages, facilities, privileges, or services in all
     business establishments of every kind whatsoever.
2

3    Per §51(f),

4        A violation of the right of any individual under the Americans With
         Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
5        violation of this section.

6        25.    Plaintiff suffered damages as above described as a result of

7    defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

8    regards, including but not limited to violations of the ADA, as described in the

9    Third Cause of Action, *infra*, the contents of which cause of action is incorporated

10   herein as if separately repled.  California Civil Code §52(a) provides that each such

11   violation entitles plaintiff to "the actual damages, and any amount that may be

12   determined by a jury, or a court sitting without a jury, up to a maximum of three

13   times the amount of actual damage but in no case less than four thousand dollars

14   ($4,000), and any attorney's fees that may be determined by the court in addition

15   thereto..."

16       WHEREFORE, plaintiff prays for damages and injunctive relief as

17   hereinafter stated.

18

19                        **THIRD CAUSE OF ACTION:**
     **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
20                          **42 USC §12101FF**

21       26.    Plaintiff repleads and incorporates by reference, as if fully set forth

22   again herein, the allegations contained in  Paragraphs 1 through 25 of this

23   Complaint, and incorporates them herein as if separately repled.

24       27.    Pursuant to law, in 1990 the United States Congress made findings per

25   42 USC §12101 regarding physically disabled persons, finding that laws were

26   needed to more fully protect "some 43,000,000 Americans" with "one or more

27   physical or mental disabilities;" that "historically, society has tended to isolate and

28   segregate individuals with disabilities;" that "such forms of discrimination against

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510)** 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -10-        S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1  individuals with disabilities continue to be a serious and pervasive social problem;"

2  that "the Nation's proper goals regarding individuals with disabilities are to assure

3  equality of opportunity, full participation, independent living, and economic self-

4  sufficiency for such individuals;" and that "the continuing existence of unfair and

5  unnecessary discrimination and prejudice denies people with disabilities the

6  opportunity to compete on an equal basis and to pursue those opportunities for

7  which our free society is justifiably famous..."

8       28.    Congress stated as its purpose in passing the Americans with

9  Disabilities Act (42 USC §12101(b))

10      It is the purpose of this Act

11      (1) to provide a clear and comprehensive national mandate for the
        elimination of discrimination against individuals with disabilities;

12
        (2) to provide clear, strong, consistent, enforceable standards addressing
13      discrimination against individuals with disabilities;

14      (3) to ensure that the Federal Government plays a central role in enforcing
        the standards established in this Act on behalf of individuals with disabilities;
15      and

16      (4) to invoke the sweep of congressional authority, including the power to
        enforce the fourteenth amendment and to regulate commerce, in order to
17      address the major areas of discrimination faced day-to-day by people with
        disabilities. (Emphasis added)
18

19      29.    As part of the Americans with Disabilities Act, Public Law 101-336,

20  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and

21  Services Operated by Private Entities" (42 USC 12181ff.  The subject property

22  and facility is one of the "private entities" which are considered "public

23  accommodations" for purposes of this title, identified at § 301(7)(F) [42 USC

24  12181(7)(F), which includes any "bank or other service establishment."

25      30.    Pursuant to §302, 42 USC §12182, "No individual shall be

26  discriminated against on the basis of disability in the full and equal enjoyment of

27  the goods, services, facilities, privileges, advantages, or accommodations of any

28  place of public accommodation by any person who owns, leases, or leases to, or

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1    operates a place of public accommodation."

2        31.    Among the general prohibitions against discrimination were included,

3    in §302(b)(1)(A):

4        § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. -- It shall be

5    discriminatory to subject an individual or class of individuals on the basis of a

6    disability or disabilities of such individual or class, directly, or through contractual,

7    licensing, or other arrangements, to a denial of the opportunity of the individual or

8    class to participate in or benefit from the goods, services, facilities, privileges,

9    advantages, or accommodations of an entity."

10       § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall

11   be discriminatory to afford an individual or class of individuals, on the basis of a

12   disability or disabilities of such individual or class, directly, or through contractual,

13   licensing, or other arrangements with the opportunity to participate in or benefit

14   from a good, service, facility, privilege, advantage, or  accommodation that is not

15   equal to that afforded to other individuals."

16       § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. -- It shall be discriminatory to

17   provide an individual or class of individuals, on the basis of a disability or

18   disabilities of such individual or class, directly, or through contractual, licensing, or

19   other arrangements with a good, service, facility, privilege, advantage, or

20   accommodation that is different or separate from that provided to other individuals,

21   unless such action is necessary to provide the individual or class of individuals with

22   a good, service, facility, privilege, advantage, or accommodation, or other

23   opportunity that is as effective as that provided to others."

24       32.    Among the specific prohibitions against discrimination were included:

25   §302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices,

26   or procedures, when such modifications are necessary to afford such goods,

27   services, facilities, privileges, advantages, or accommodations to individuals with

28   disabilities...;"

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -12-        S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

§302(b)(A)(iii):  "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

33.    The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act.  As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA, as well as per California Health and Safety Code §19959.

34.    On information and belief, as of the date of plaintiff's encounter at the premises and the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of his disability, thus

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  wrongfully denying to plaintiff the full and equal enjoyment of the goods, services,

2  facilities, privileges, advantages and accommodations, in violation of §302 of the

3  ADA, 42 USC §12182.

4        35.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

5  §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the

6  Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to

7  discrimination on the basis of disability in violation of this title or has reasonable

8  grounds for believing that he is about to be subjected to discrimination in violation

9  of §302 and §303.  On information and belief, defendants have continued to violate

10  the law and deny the rights of plaintiff and other disabled persons access to this

11  public accommodation since on or before defendant's encounters as previously

12  discussed.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and

13  §303(a)... injunctive relief shall include an order to alter facilities to make such

14  facilities readily accessible to and usable by individuals with disabilities to the

15  extent required by this title."

16        36.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

17  Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

18  Regulations adopted to implement the Americans with Disabilities Act of 1990.

19  Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is

20  being subjected to discrimination on the basis of disability in violation of Title III

21  and who has reasonable grounds for believing he will be subjected to such

22  discrimination each time that he may attempt to use the property and premises.

23        37.     As a result of defendants' acts and omissions in this regard, plaintiff

24  has been required to incur legal expenses and attorney fees, as provided by statute,

25  in order to enforce plaintiff's rights and to enforce provisions of the law protecting

26  access for disabled persons and prohibiting discrimination against disabled persons.

27  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses

28  (including expert consultant and expert witness fees) and costs, pursuant to the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     **-14-**     S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1    provisions of ADA § 505 (42 U.S.C. 12205) and the Department of Justice's

2    regulations for enforcement of Title III of the ADA (28 CFR 36.505).  Additionally,

3    plaintiff's lawsuit is intended not only to obtain compensation for damages to

4    plaintiff, but also to require the defendants to make their facilities accessible to all

5    disabled members of the public, justifying "public interest" attorney fees, litigation

6    expenses and costs pursuant to the provisions of Code of Civil Procedure § 1021.5.

7            Wherefore plaintiff prays for relief as hereinafter stated:

8

9                                    **PRAYER**

10           Plaintiff prays that this Court:

11           1.     Issue a preliminary and permanent injunction directing defendants as

12    current owners, operators, lessors, and/or lessees of the property and premises to

13    modify the above described property and premises  and related  facilities so that

14    each provides full and equal access to all persons, including persons with physical

15    disabilities; and issue a preliminary and permanent injunction directing defendants

16    to provide facilities usable by plaintiff and similarly situated persons with

17    disabilities, and which provide full and equal access, as required by law;

18           2.     Retain jurisdiction over the defendants until such time as the Court is

19    satisfied that defendants' unlawful policies, practices, acts and omissions, and

20    maintenance of inaccessible public facilities as complained of herein no longer

21    occur, and can not recur;

22           3.     Award to plaintiff all appropriate damages, including but not limited to

23    statutory damages, general damages and treble damages in an amount within the

24    jurisdiction of the Court, all according to proof;

25           4.     Award to plaintiff all reasonable attorney fees, litigation expenses, and

26    costs of this proceeding as provided by law;

27           5.      Award prejudgment interest pursuant to California Civil Code § 3291;

28    and

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510)832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -15-      S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd

1    6.    Grant such other and further relief as this Court may deem just and

2    proper.

3

4    Dated: July 20, 2005                    PAUL L. REIN
                                             PATRICIA BARBOSA
5                                            JULIE MCLEAN
                                             LAW OFFICES OF PAUL L. REIN
6

7

8    _____
                                             Attorneys for Plaintiff
9                                            STEVE WHITE

10              **DEMAND FOR JURY TRIAL**

11          Plaintiff hereby demands a jury for all claims for which

12   a jury is permitted.

13

14   Dated: July 20, 2005                    PAUL L. REIN
                                             PATRICIA BARBOSA
15                                           JULIE MCLEAN
                                             LAW OFFICES OF PAUL L. REIN
16

17

18   _____
                                             Attorneys for Plaintiff
19                                           STEVE WHITE

20       **CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

21          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this

22   date, other than the named parties, there is no such interest to report.

23
     Dated: July 20, 2005                    PAUL L. REIN
24                                           PATRICIA BARBOSA
                                             JULIE MCLEAN
25                                           LAW OFFICES OF PAUL L.  REIN

26

27   _____
                                             Attorneys for Plaintiff
28                                           STEVE WHITE

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -16-      S:\SLR\BANK OF AMERICA\PLEADINGS\BANKOFAMERICA.CMP.wpd