*[Handwritten at top right: Bank of America]*

```
PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
STEVE WHITE


CHARLES L. POST, Esq. (SBN 160443)
LIZBETH V. WEST, Esq. (SBN 207137)
WEINTRAUB GENSHLEA CHEDIAK
A Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000

Attorneys for Defendant:
BANK OF AMERICA, N.A.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHITE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NA; BANK OF AMERICA NT & SA; and DOES 1-25, Inclusive,<br><br>　　　　Defendants.<br>_____ | CASE NO. C05-2985 MEJ<br>Civil Rights<br><br>*[handwritten: Settlement agreement]*<br>~~CONSENT DECREE~~ AND ~~ORDER~~<br>*[handwritten: to Retain Jurisdiction for Enforcement]* |

*[handwritten: Settlement Agreement]*
~~CONSENT DECREE~~ AND ORDER *[handwritten: to Retain Jurisdiction for Enforcement]*

1.　　Plaintiff STEVE WHITE filed a Complaint in this action on July 22, 2005, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, BANK OF AMERICA, NA; BANK OF AMERICA NT & SA; and DOES 1-25, Inclusive. Plaintiff has alleged that Defendants BANK OF AMERICA, NA and BANK OF AMERICA NT & SA violated Title III

of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.*, of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Bank of America located at 26801 Mission Blvd., Hayward, California, when plaintiff visited the subject facility on March 24, 2005.

2. Defendants BANK OF AMERICA, NA and BANK OF AMERICA NT & SA ("Defendants") deny the allegations in the Complaint and by entering into this ~~Consent Decree~~ Agreement and Order and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this ~~Consent Decree and~~ Agreement and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this ~~consent decree~~ Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this ~~consent decree~~ Settlement as follows agree to ~~entry of this Order to~~ resolve all claims regarding injunctive relief and damages raised in the Complaint filed with this Court on July 22, 2005. Accordingly, they agree to ~~the entry of this Order~~ this Settlement and Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief or damages. WHEREFORE, the parties to this ~~consent decree~~ Agreement and Order hereby agree and stipulate to the Court's entry of this ~~Consent Decree and Order, which provides~~ Settlement Agreement and Order as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This ~~Order~~ Agreement and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and damages that have arisen out of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

~~Consent Decree and Order:~~ Case No.
C05-2985 MEJ ~~consent Decree and Order: Case No. C05-2985 MEJ~~

– 2 –

S:\jmt\Cases\B\Bank of America\pleadings\consent decree.doc

1  the subject Complaint. The parties agree that there has been no admission or finding of liability

2  or violation of the ADA and/or California civil rights laws, and this ~~Consent Decree~~ *Agreement* and Order

3  should not be construed as such.

4        6.    The parties agree and stipulate that the corrective work will be performed in

5  compliance with the standards and specifications for disabled access as set forth in the

6  California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility

7  Guidelines, unless other standards are specifically agreed to in this ~~Consent~~ *Agreement* and Order *referenced in Attachment A*

8        a)   Remedial Measures: The injunctive relief agreed upon by the Parties is attached

9  as **Attachment A** to this ~~Consent Decree~~ *Agreement + Order which references* the access report by plaintiff's consultant Barry

10  Atwood, which is incorporated herein by reference as if fully set forth in this document. *(are both)*

11  Defendants agree to undertake all remedial work (identified as "Remedial Actions") set forth in

12  **Attachment A**.

13        b)   Timing of ~~Injunctive Relief~~ *Remedial Relief*: Defendants will submit plans for all corrective

14  work to the appropriate building department within ~~30~~ *60* days of entry of this ~~consent decree~~ *agreement* and

15  order by the court, will commence work within ~~30~~ *60* days of receiving approval from the building

16  department, and will complete work within 30 days of commencement. ~~In the event that~~

17  ~~unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive~~

18  ~~relief, defendants or their counsel will notify plaintiff's counsel in writing within 30 days of~~ *Plaintiff will have access to bathroom and all other affected areas to ensure compliance. Request for such access shall be made 5 days*

19  ~~discovering the delay.~~ Defendants or their counsel will notify plaintiff's counsel when the *in advance to Bank counsel of record.*

20  corrective work is completed~~, and in any case will provide a status report no later than 120 days~~

21  ~~from~~ the entry of this ~~consent~~ *Agreement + Order* decree.

22

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

24        *FACTS* ~~7.~~ → The parties have ~~not~~ reached an agreement regarding plaintiff's claims

25  for damages~~, attorney fees, litigation expenses and costs. These issues shall be the subject of~~

26  ~~further negotiation, litigation, and/or motions to the Court.~~ *Defendants shall*

27  *pay $25,000 to for for all forms of damages + including personal injury to the π, and $π's counsel for fees + litigation*

28  /// *$30,803 to expenses + costs. Checks shall be made to "Paul L. Rein in Trust for Steve [illegible] Payment in to days.*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

~~Consent Decree and Order~~: Case No.
C05-2985 MEJ ~~Consent Decree and~~

-3-

**ENTIRE AGREEMENT:** [handwritten edits: "Agreement" replacing "CONSENT ORDER"]

8. This Agreement and Attachment A to this Agreement, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on all claims, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Agreement, shall be enforceable regarding plaintiff's claims described herein. This Agreement applies to plaintiff's claims for injunctive relief, damages and fees.

**AGREEMENT BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Agreement shall be binding on Plaintiff STEVE WHITE, Defendants, BANK OF AMERICA, NA; BANK OF AMERICA NT & SA; and any successors in interest. The parties have a duty to notify all such successors in interest of the existence and terms of this Agreement during the period of the Court's jurisdiction of this consent decree.

**MB MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO ALL CLAIMS:**

10. Each of the parties to this Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Agreement and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Agreement and Order is signed. Except for all obligations required in this Agreement and Order, the parties intend that this Agreement and Order apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Agreement and Order. Therefore, except for all obligations required in this Agreement and Order, this Agreement and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Agreement and Order with respect to the Lawsuit,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Consent Decree and Order: Case No.
C05-2985 MEJ

— 4 —

1  whether the same are known, unknown or hereafter discovered or ascertained, and the
2  provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section
3  1542 provides as follows:
4     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
5     CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE
6     TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST
7     HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.
8  This waiver applies to the injunctive relief aspects of this action <u>only</u> and does not include
9  resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs. [handwritten: Agreement + Order PLR SW CP MB CP]
10     11.  Except for all obligations required in this ~~Consent Decree~~ [handwritten: Agreement + Order], ~~and exclusive of the~~
11  ~~referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs,~~ [handwritten: Agreement + Order PLR SW CP MB CP]
12  each of the parties to this ~~Consent Decree~~ [handwritten: Agreement + Order], on behalf of each, their respective agents,
13  representatives, predecessors, successors, heirs, partners and assigns, releases and forever
14  discharges each other Party and all officers, directors, shareholders, subsidiaries, joint
15  venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance
16  carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands,
17  actions, and causes of action of whatever kind or nature, presently known or unknown, arising
18  out of or in any way connected with the Lawsuit. [handwritten: Agreement + PLR SW CP MB]
19
20  **TERM OF THE ~~CONSENT~~ [handwritten: Agreement] ORDER:**
21     12.  This ~~Consent~~ [handwritten: Agreement +] Order shall be in full ~~force~~ [handwritten: PLR] and effect for a period of twelve (12)
22  months after the date of entry of this ~~Consent~~ [handwritten: Agreement PLR SW CP MB] Order, or until the injunctive relief contemplated
23  by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this
24  [handwritten: Agreement] ~~action to~~ enforce provisions of this ~~Order~~ [handwritten: PLR Agreement & Order CP] for twelve (12) months after the date of this ~~Consent~~
25  ~~Decree~~ [handwritten: Agreement + Order PLR SW CP SW MB Agreement &], or until the injunctive relief contemplated by this Order is completed, whichever occurs
26  later. [handwritten: PLR CP SW MB]
27
28  ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

**Consent Decree and Order: Case No.
C05-2985 MEJ**consent Decree and

— 5 —

S:\jm\Cases\B\Bank of America\pleadings\consent decree.doc

**SEVERABILITY:**

13. If any term of this ~~Consent Decree and Order is~~ Agreement determined by any court to be unenforceable, the other terms of this ~~Consent~~ Decree and Order shall nonetheless remain in full force and effect. [handwritten: Agreement / Agreement / SW / MB]

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this ~~Consent Decree~~ and Order. This ~~Consent Decree~~ and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature. [handwritten initials: PLR SW MB / Agreement]

15. [handwritten] Upon payment as above, the parties will file a Stipulated dismissal with prejudice with the Court to retain jurisdiction to enforce as above.

Dated: March 16, 2006

_____
Plaintiff STEVE WHITE

Dated: March __, 2006

Mary Ann Brand
Regional Manager
Jones Lang LaSalle
_____
Defendant BANK OF AMERICA, NA
Authorized to Execute on behalf of Bank of America.

Dated: March __, 2006

_____
Defendant BANK OF AMERICA NT & SA

**APPROVED AS TO FORM:**

Dated: March 16, 2006

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
STEVE WHITE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No.
C05-2985 MEJ Consent Decree and
Order: Case No. C05-2985 MEJ

— 6 —

S:\jm\Cases\B\Bank of America\pleadings\consent decree.doc

Dated: March 16, 2006

CHARLES L. POST
LIZBETH V. WEST
WEINTRAUB GENSHLEA CHEDIAK

_____
Attorneys for Defendant
BANK OF AMERICA, N.A.

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: March 27, 2006

_____
HON. MARIA-ELENA JAMES
U.S. MAGISTRATE JUDGE

*(Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — Judge Maria-Elena James)*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case
No. C05-2985 MEJ

— 7 —

Attachment A

(PLR) SW

ATWOOD REPORT

I. PARKING LOT (p. 3 I(a) - 7(B)(2))

BofA AGREES TO ~~BRING~~ RESTRIPE, RESURFACE AND SIGN DISABLED PARKING AREAS, IN COMPLIANCE WITH TITLE 24 AND/~~OR~~ ADAAG. (NUMBER OF SPACES IN COMPLIANCE WITH 24/ADAAG) including one van accessible space (PLR) SW

II. PATH OF TRAVEL (EXCLUDING PATH OF TRAVEL IN PARKING LOT (SEE I, ABOVE*) TO REAR ENTRANCE OF BANK (p. 8(3) - 9(4)(a)) TO RESLOPE, RESURFACE AND INSTALL HANDRAILS IN COMPLIANCE WITH TITLE 24/ADAAG

III. ~~A~~ PATH OF TRAVEL TO ATMS AND DESIGNATED DISABLED PARKING* (p. 10 II(A)(1.) - 12(4)) AGREE TO RESLOPE, INSTALL HANDRAILS AND OTHERWISE BRING COMPLIANT WITH 24/ADAAG (PLR) SW EXCEPT WIDTH along side of building only.

(p. 1 of 3)

(PR) SW

IV. ~~PATH~~ ATM AREA * (13 III (A) – 18(2))
BRING COMPLIANT TO 24/ADAAG
(NO CHANGES TO ATM MACHINES, ~~ATM FRAMING~~ (SURROUND OR NIGHT DROP)

V. MISSION BLVD ENTRANCE (19 (V)(A) – 20(3)(2))
INSTALL POWER DOOR.

VI. PARKING LOT DOOR (21 (VI (A)(b) – 22(2)(2)))
CONTINUE USE OF POWER DOOR

INTERIOR (23-56)

1. ADJUST ALL MOVABLE OBSTACLES (WASTE BASKETS, STANCHIONS)
2. INSTALL PLACARD OT OR NEAR PLATFORM DESKS STATING WHEELCHAIR ACCESSIBLE ~~DESKS~~ TABLES ARE AVAILABLE
3. INSTALL SIGN AT SAFE DEPOSIT AREA BEARING INTENATIONAL SYMBOL AND PHRASE "PLEASE ASK FOR ASSISTANCE"
4. WITHOUT RENDERING THE EMPLOYEE RESTROOMS PUBLIC OR COMPROMISING ANY BANK POLICY (INCLUDING SECURITY)

p.2 of 3

POLICIES AND PROCEDURES: MODIFY THE INTERIOR OF THE WOMEN'S RESTROOM TO ~~BE~~ RENDER ONE TOILET STALL AND SINK ~~AREA~~ ACCESSIBLE TO WHEEL CHAIR USERS. NO BANK INTERIOR ACCESS OR PATH OF TRAVEL MODIFICATIONS.

(PER) (P. 3 of 3)
SW